IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JOSÉ M. ORTIZ-BONILLA,

Plaintiff,

v.

MARÍA MELÉNDEZ-RIVERA, ET AL.

Defendants.

CIVIL NO.: 08-1934 (FAB/MEL)

**OPINION AND ORDER**

## I. PROCEDURAL BACKGROUND

On August 21, 2008, plaintiff José M. Ortiz-Bonilla ("Ortiz-Bonilla") filed a complaint alleging claims under 42 U.S.C. § 1983 ("Section 1983") and Article 1802 of the Puerto Rico Civil Code ("Article 1802"), P.R. LAWS ANN., tit. 31, §§ 5141, against the Puerto Rico Department of Corrections ("DOC"), Geraldo Rodríguez ("Rodríguez"), Junta de Libertad Bajo Palabra ("Parole Board"), and María Meléndez-Rivera ("Meléndez-Rivera"). (Docket 3.) Plaintiff alleges that the Department of Corrections and Parole Board did not comply with the correct administrative procedures regarding his parole hearing. (Docket 3 at 5-6.) On February 11, 2009, defendants filed a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), arguing that: (1) plaintiff's claims are moot; (2) the DOC and Parole Board are entitled to Eleventh Amendment immunity; (3) the DOC and Parole Board were not properly served; and (4) plaintiff improperly filed the complaint in the Spanish language.[1] Plaintiff has not filed an opposition to defendants' motion.

[1] Although defendants style their motion as requesting judgment on the pleadings, at least one of the issues raised deals with lack of subject matter jurisdiction and is properly raised under Fed. R. Civ. P. 12(b)(1). (See Docket 32 at 2.)

## II. LEGAL ANALYSIS

### A. Fed. R. Civ. P. 12(b)(1) Standard

Pursuant to Fed.R.Civ.P. Rule 12(b)(1) ("12(b)(1)"), a defendant may move to dismiss an action for lack of subject matter jurisdiction. "As courts of limited jurisdiction, federal courts have the duty to construe their jurisdictional grants narrowly." Fina Air, Inc. v. United States, 555 F. Supp. 2d 321, 323 (D.P.R. 2008) (citing Alicea-Rivera v. SIMED, 12 F. Supp. 2d 243, 245 (D.P.R. 1998)). Since federal courts have limited jurisdiction, the party asserting jurisdiction has the burden of demonstrating the existence of federal jurisdiction. See Murphy v. United States, 45 F. 3d 520, 522 (1st Cir. 1995) cert. denied, 515 U.S. 1144 (1995); Droz-Serrano v. Caribbean Records Inc., 270 F. Supp. 2d 217 (D.P.R. 2003).

Challenges to subject matter jurisdiction through a Rule 12(b)(1) motion may constitute either a facial or a factual challenge. Valentín v. Hosp. Bella Vista, 254 F.3d 358, 363 (1st Cir. 2001); Mercado-Arocho v. United States, 455 F. Supp. 2d 15, 18 (D.P.R. 2006); Rivera de León v. Maxon Eng'g Servs., Inc., 283 F. Supp. 2d 550, 554 (D.P.R. 2003). To decide whether a 12(b)(1) motion is a facial or factual challenge, a court must determine whether the motion disputes the complaint's allegations regarding subject matter jurisdiction. Torres-Negrón v. J & N Records, LLC, 504 F.3d 151, 162 n.8 (1st Cir. 2007). If the 12(b)(1) motion does not dispute subject matter allegations, then it challenges only the facial sufficiency of the complaint. Id. If the 12(b)(1) motion disputes the subject matter allegations, then it challenges the factual basis for subject matter jurisdiction. Id.

Under a facial challenge, the moving party challenges jurisdiction based on the allegations in the complaint. See Valentin, 254 F.3d at 363; Mercado-Arocho, 455 F. Supp. 2d at 18; Rivera de León, 283 F. Supp. 2d at 554. Thus, "the court must consider all the allegations in the complaint as true, and will not look beyond the face of the complaint to determine jurisdiction." Mercado-Arocho, 455 F. Supp. 2d at 18. A facial attack only requires a court to examine the complaint and determine whether the plaintiff "'has sufficiently alleged a basis of subject matter jurisdiction." Torres-Negrón, 504 F.3d at 162 (1st Cir. 2007) (quoting Scarfo v. Ginsburg, 175 F.3d 957, 960 (11th Cir. 1999)); see e.g., Fina Air Inc., 555 F. Supp. 2d at 325-28 (examining a facial attack and applying the standard articulated in Torres-Negrón).

Under a factual challenge, "the allegations have no presumptive truthfulness, and . . . the court has discretion to allow affidavits, documents, and even a limited evidentiary hearing to resolve disputed jurisdictional facts." Mercado-Arocho, 455 F. Supp. 2d at 18 (citations omitted). The analysis changes depending on whether the challenged facts would also decide issues relating to the merits of the case. Torres-Negrón, 504 F.3d at 163. If the challenged facts do involve the merits of the case, the court must use a summary judgment standard and dismiss "'only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law.'" Id. (quoting Trentacosta v. Frontier Pac. Aircraft Indus., Inc., 813 F.2d 1553, 1558 (9th Cir. 1987)). If the challenged facts do not involve the merits of the case, then the court is free to consider evidence and decide the question of its subject matter jurisdiction over the case. Id.

**B. Fed. R. Civ. P. 12(c) Standard**

The court reviews a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) under the same standard as a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6) the court must limit its focus to the allegations of the complaint. Litton Indus., Inc. v. Colón, 587 F.2d 70, 74 (1st Cir. 1978). Specifically, the inquiry should be "whether a liberal reading of [the complaint] can reasonably admit of a claim . . ." Id. An evaluation of a motion to dismiss under Rule 12(b)(6) requires the court to "accept as true all well-pleaded factual averments and indulg[e] all reasonable inferences in plaintiff's favor. Doyle v. Hasbro, Inc., 103 F.3d 186, 190 (1st Cir. 1996) (quoting Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996)). Dismissal under Rule 12(b)(6) is appropriate if the facts alleged, taken as true, do not warrant recovery. Aulson, 83 F.3d at 3.

In order to survive a motion to dismiss, plaintiff must "set forth factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable legal theory." Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988). Although all inferences must be made in plaintiff's favor, the court need not accept "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." Aulson, 83 F.3d at 3.

In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "a plausible entitlement to relief." Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95 (1st Cir. 2007)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955 (2007)). "While Twombly does not require heightened fact pleading of specifics, it does require enough facts to

'nudge [plaintiffs'] claims across the line from conceivable to plausible.' Accordingly, in order to avoid dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" Torres v. Bella Vista Hosp., Inc., 523 F.Supp.2d 123, 133 (D.P.R. 2007), quoting Twombly, 127 S.Ct. at 1965 (citation omitted). Although Twombly was decided in the antitrust context, the Supreme Court recently held that the standard expounded in that decision applies to "all civil actions." Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1953 (2009).

**C. Mootness**

Defendants argue that plaintiff's claims should be dismissed for mootness. (Docket 32 at 4-6.) "Article III prohibits federal courts from deciding 'moot' cases or controversies - that is, those in which 'the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" United States v. Reid, 369 F.3d 619, 624 (1st Cir. 2004) (citing United States Parole Comm'n v. Geraghty, 445 U.S. 388, 396 (1980); Gulf of Maine Fishermen's Alliance v. Daley, 292 F.3d 84, 87 (1st Cir. 2002)). "If events subsequent to the filing of the case resolve the dispute, the case should be dismissed as moot." ERWIN CHEMERINSKY, FEDERAL JURISDICTION 480 (5th ed. 2007). In the context of parole hearings, the Supreme Court held in Weinstein v. Bradford, 423 U.S. 147, 148-49 (1975), that a prisoner's release removed his interest in the procedural aspects of granting parole. Although a prisoner's release or transfer may moot declaratory and injunctive relief, it does not moot claims for compensatory damages. See Board of Pardons v. Allen, 482 U.S. 369, 371 n. 1 (1987); Preiser v. Newkirk, 422 U.S. 395, 401-03 (1975).

In the present case, plaintiff requests: (1) injunctive relief in the form of action by the Parole Board; and (2) mental and emotional damages. (Docket 3-2 at 3.) Defendants claim that plaintiff's case is moot, however, because plaintiff received a parole hearing, was notified that his parole was denied, and was subsequently released from prison upon completion of his sentence. (Docket 32 at 6.) Defendants submit the Parole Board's determination with regard to plaintiff, a letter dated July 28, 2008, notifying plaintiff of the Parole Board's action, and a certification from the Administration of Corrections that he completed his sentence on November 21, 2008. (Docket 32-2; Docket 33-3.) Given the evidence submitted by defendants regarding plaintiff's parole hearing and release, it appears that any action by the Parole Board at this point could not affect plaintiff's rights. See id. Therefore, plaintiff's request for injunctive relief in the form of action by the Parole Board is moot. See Weinstein, 423 U.S. at 148-49. Plaintiff's parole hearing, notification of the results of said hearing, and release from prison do not, however, moot his claim for mental and emotional damages. See Board of Pardons v. Allen, 482 U.S. 369, 371 n. 1 (1987); Preiser v. Newkirk, 422 U.S. 395, 401-03 (1975).

**D. Eleventh Amendment Immunity**

The Eleventh Amendment to the Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." 1 U.S.C. Const. Amend. XI. The Supreme Court of the United States repeatedly has held that the Eleventh Amendment bars suits against a state by its own citizens. See e.g., Edelman

v. Jordan, 415 U.S. 651 (1974). The Supreme Court has held that "in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984).

The Eleventh Amendment immunity, however, is not absolute and may be waived by the state or "stripped away" by Congress. Metcalf & Eddie, Inc. v. P.R. Aqueduct & Sewer Auth., 991 F.2d 935, 938 (1st Cir. 1993). There are four circumstances in which states lose Eleventh Amendment protection: (1) when a state consents to be sued in a federal forum; (2) when a state waives "its own immunity by statute or the like;" (3) when Congress abrogates state immunity; and (4) when "other constitutional imperatives . . . take precedence over the Eleventh Amendment federal-court bar." Id. at 938 (citations omitted); see also Toledo v. Sánchez, 454 F.3d 24, 31 (1st Cir. 2006). An entity entitled to Eleventh Amendment immunity can waive that immunity in three ways: "(1) by a clear declaration that it intends to submit itself to the jurisdiction of a federal court...; (2) by consent to or participation in a federal program for which waiver of immunity is an express condition; or (3) by affirmative conduct in litigation." Diaz-Fonseca v. Puerto Rico, 451 F.3d 13, 33 (1st Cir. 2006) (citing New Hampshire v. Ramsey, 366 F.3d 1, 15 (1st Cir. 2004)). To waive Eleventh Amendment immunity by affirmative litigation conduct, such "conduct must be 'unambiguous' and 'must evince a clear choice to submit [the state's] rights for adjudication by the federal courts." Ramos-Pinero v. Puerto Rico, 453 F.3d 48, 52 (1st Cir. 2006).

A limited exception also exists to bring suit for prospective injunctive relief against state officers in their official capacity. Ex Parte Young, 209 U.S. 123, 160 (1908); Pennhurst, 465 U.S.

at 102-03. Any other claims for monetary relief or retrospective injunctive relief are barred by Eleventh Amendment immunity. Id. This exception allows a state official to be sued only to enjoin a continuing violation of federal law. Papasan v. Allain, 478 U.S. 265, 277-78 (1986); Whalen v. Mass. Trial Court, 397 F.3d 19, 29-30 (1st Cir. 2005). Furthermore, "[r]elief that in essence serves to compensate a party injured in the past by an action of a state official in his official capacity that was illegal under federal law is barred even when the state official is the named defendant." Papasan, 478 U.S. at 278. This limited exception does not apply to suits brought pursuant to state laws. Pennhurst, 465 U.S. at 117-18; Cuesnongle v. Ramos, 835 F.2d 1486, 1496-97 (1st Cir. 1987).

Even though the Commonwealth of Puerto Rico is not a state, it enjoys the protection of the Eleventh Amendment. Jusino Mercado v. Puerto Rico, 214 F.3d 34, 37 (1st Cir. 2000). Moreover, the Commonwealth of Puerto Rico and its dependencies have not waived their immunity under the Eleventh Amendment to be sued for damages in federal court. Figueroa Jusino v. Aquino, 863 F.2d 1037, 1045 (1st Cir. 1985); 32 P.R. LAWS ANN. § 3077 (2006). The DOC and the Parole Board have been previously held to be alter egos of the Commonwealth of Puerto Rico, and are thus entitled to Eleventh Amendment Immunity. Morales-Montañez v. Puerto Rico, Civil No. 08-1945, 2009 WL 1361942 at *3 (D.P.R. May 11, 2009) (citing Will v. Michigan Dep't of State Police, 491 U.S. 58, 66-68 (1989)). Furthermore, the Parole Board and the DOC have not engaged in the type of affirmative litigation conduct necessary to waive such immunity, as both entities asserted Eleventh Amendment immunity as a defense in the answer to the complaint and the motion for judgment on the pleadings. See Ramos-Pinero, 453 F.3d at 52; (Docket 22 at ¶ 21; Docket 32 at 7-8.) Therefore,

Eleventh Amendment immunity applies to any claims against the DOC and the Parole Board.[2] Although the Ex Parte Young exception could have been available at the time plaintiff filed the complaint, the mootness of plaintiff's request for injunctive relief forecloses any official capacity suits against Meléndez-Rivera and Rodríguez. See Papasan, 478 U.S. at 277-78; Whalen, 397 F.3d at 29-30.

**E. Complaint Filed in the Spanish Language**

Although defendants are correct in asserting that Local Rule 10(b) and 48 U.S.C. § 864 require all pleadings to be submitted in the English language, the court declines at this time to dismiss a civil rights case filed *pro se* by a prisoner, who has indicated that he does not speak English, for filing a complaint in the Spanish language. (See Docket 17.) Given that plaintiff is not in prison anymore, however, he is ORDERED to file a certified translation of the complaint in the English language no later than August 7, 2009.

**F. State Law Claims**

Defendants argue that plaintiff's claims under Article 1802 should be dismissed for lack of supplemental jurisdiction. Title 28, United States Code, Section 1367 provides "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article

---

[2]The applicability of Eleventh Amendment immunity to the claims against the DOC and the Parole Board obviates consideration of defendants' argument that such entities were not properly served. Although it is still unclear whether Eleventh Amendment immunity is a jurisdictional issue or an affirmative defense, See Hudson Sav. Bank v. Austin, 479 F.3d 102, 109 (1st Cir. 2007), there is no need to choose between the standard under Fed. R. Civ. P. 12(b)(1) or the standard under Fed. R. Civ. P. 12(c). Given that both entities have been previously held to be alter egos of the Commonwealth of Puerto Rico, it is unnecessary to stray outside the pleadings to determine the applicability of Eleventh Amendment immunity in the present case. See Morales-Montañez,2009 WL 1361942 at *3.

III of the United States Constitution." The scope of 28 U.S.C. § 1367 regarding state law claims is illustrated by case law dealing with pendent jurisdiction. See e.g., Orria-Medina 565 F. Supp. 2d at 322-23. "Pendent jurisdiction exists whenever there is a claim arising under the Constitution, the Laws of the United States, and treaties made under their authority and the relationship between that claim and the state claim can be found to constitute, but one constitutional case." Id. at 322. The federal and state claims must "derive from a common nucleus of operative fact." United Mine Workers v. Gibbs, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138 (1966); Confederación Laborista De Puerto Rico v. Cervecería India, Inc., 607 F.Supp. 1077, 1081 (D.P.R. 1985).

Given the mootness of plaintiff's request for injunctive relief and the application of Eleventh Amendment immunity to the DOC and the Parole Board, the only remaining state law claims are those for damages against Meléndez-Rivera and Rodríguez in their personal capacities. As plaintiff's federal claims for damages against Meléndez-Rivera and Rodríguez in their personal capacities also survive, there appears to be a basis to retain supplemental jurisdiction over said state law claims. Therefore, defendants request that the court dismiss plaintiff's remaining state law claims is DENIED.

**G. Default**

Defendants' motion for judgment on the pleadings does not address the fact that the clerk entered default against the Parole Board, Meléndez-Rivera, and Rodríguez on October 6, 2008. (See Docket 13; Docket 32.) On October 9, 2008, said defendants filed a motion to set aside the entry of default. (Docket 15.) The court denied defendants' motion on October 16, 2008. (Docket 18.) Nonetheless, it appears that setting aside the entry of default is appropriate with regard to the

Parole Board and the official capacity suits against Meléndez-Rivera and Rodríguez in light of the issues considered above.

Fed. R. Civ. P. 55(c) provides that an entry of default may be set aside for "good cause." When determining the existence of good cause, the court may consider the following factors: (1) the willfulness of the default; (2) any prejudice to the plaintiff; and (3) the existence of a meritorious defense. Venegas-Hernández v. Sonolux Records, 370 F.3d 183, 187 (1st Cir. 2004); United States v. $23,000 in U.S. Currency, 356 F.3d 157, 164 (1st Cir. 2004). The standard for setting aside a default is more liberal than the standard for setting aside a default judgment, and a court should generally resolve any doubts in favor of setting aside an entry of default. Leshore v. County of Worcester, 945 F.2d 471, 472 (1st Cir. 1991).

Setting aside the default with regard to the Parole Board and the two individual defendants in their official capacities turns on the nature of the two meritorious defenses presented in their motion. (See Docket 32 at 4-8.) Mootness relates to a court's subject matter jurisdiction over a given dispute. See Verhoeven v. Brunswick Sch. Comm., 207 F.3d 1, 5 (1st Cir. 1999) (citing In re Arnold & Baker Farms, 85 F.3d 1415, 1419 (9th Cir. 1996); F.E.R. v. Valdez, 58 F.3d 1530, 1532-33 (10th Cir. 1995)). Although it has not been conclusively decided whether Eleventh Amendment immunity is a jurisdictional issue, said defense shares certain characteristics with defenses related to subject matter jurisdiction, i.e., it may be raised sua sponte, may be raised for the first time on appeal, and has been viewed as a restraint on "'judicial power under Article III.'" Parella v. Ret. Bd. of R.I. Employees' Ret. Sys., 173 F.3d 46, 54 (1st Cir. 1999) (citing Seminole Tribe v. Florida, 517 U.S. 44, 72-73 (1996); Edelman v. Jordan, 415 U.S. 651, 677-78 (1974); Sullivan v. Barnett, 139 F.3d

158, 179 (3d Cir. 1998)). Given that both defenses may be raised at any time, may be raised by the court, and restrict the power of the court to hear plaintiff's claims against certain defendants, there is little prejudice to plaintiff in removing the default. See Verhoeven, 207 F.3d at 5; Parella, 173 F.3d at 54. Furthermore, the court has decided that both defenses are meritorious. Therefore, it appears that there is "good cause" to set aside the entry of default at this stage of the proceedings with regard to the Parole Board and the official capacity suits against Meléndez-Rivera and Rodríguez. The default remains, however, with regard to the personal capacity suits for damages against Meléndez-Rivera and Rodríguez.

## III. CONCLUSION

For the reasons explained above, the motion for judgment on the pleadings, (Docket 32), is GRANTED IN PART AND DENIED IN PART. Any claims for injunctive relief are DISMISSED WITH PREJUDICE as moot. All remaining claims against the DOC and the Parole Board are DISMISSED WITH PREJUDICE on Eleventh Amendment Immunity grounds. Plaintiff's federal and state law claims, as well as the default entered for said claims, against Meléndez-Rivera and Rodríguez for damages in their personal capacity remain. Plaintiff is ORDERED to file a certified translation of the complaint in the English language no later than August 7, 2009.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 13th day of July, 2009.

s/Marcos E. López
U.S. MAGISTRATE JUDGE