IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JOSÉ M. ORTÍZ-BONILLA,

       Plaintiff,

          v.                          CIVIL NO.: 08-1934 (FAB/MEL)

MARÍA MELÉNDEZ-RIVERA, ET AL.,

       Defendants.

**OPINION AND ORDER**

On August 21, 2008, plaintiff José M. Ortíz-Bonilla ("Ortíz-Bonilla") filed a complaint alleging claims under 42 U.S.C. § 1983 ("Section 1983") and Article 1802 of the Puerto Rico Civil Code ("Article 1802"), P.R. LAWS ANN., tit. 31, §§ 5141, against the Puerto Rico Department of Corrections ("DOC"), Geraldo Rodríguez ("Rodríguez"), Junta de Libertad Bajo Palabra ("Parole Board"), and María Meléndez-Rivera ("Meléndez-Rivera"). (Docket 3.) Plaintiff alleges that the Department of Corrections and Parole Board did not comply with the correct administrative procedures regarding his parole hearing. (Docket 3 at 5-6.) On October 14, 2008, default was entered against defendants Meléndez-Rivera, Rodríguez, and the Parole Board. (Docket 13.) On October 9, 2008, said defendants filed a motion to set aside default. (Docket 15.) The court denied the motion to set aside default on October 16, 2008. (Docket 18.)

On February 11, 2009, defendants filed a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), arguing that: (1) plaintiff's claims are moot; (2) the DOC and Parole Board are entitled to Eleventh Amendment immunity; (3) the DOC and Parole Board were not properly served; and (4) plaintiff improperly filed the complaint in the Spanish language. (Docket 32.) As plaintiff filed no opposition to defendants' motion, the court considered said motion unopposed. (See Docket

Ortíz-Bonilla v. Meléndez-Rivera, et al.
Civil No.08-1934 (FAB/MEL)
Order

43.) On July 13, 2009, the court granted in part and denied in part the motion for judgment on the

pleadings, holding that: (1) plaintiff's claims for injunctive relief against the DOC, the Parole Board,

Meléndez-Rivera in her official capacity, and Rodríguez in his official capacity were moot; (2) all

claims against the DOC and the Parole Board were barred by Eleventh Amendment Immunity; and

(3) the entry of default against the Parole Board, Meléndez-Rivera in her official capacity, and

Rodríguez in his official capacity should be set aside. Id. at 11-12. The court further ordered plaintiff

to file a certified English translation of the complaint no later than August 7, 2009. Id. at 9.

On August 12, 2009, remaining defendants, Rodríguez and Meléndez-Rivera in their personal

capacities, filed a motion to set aside the entry of default and dismiss the complaint for lack of

prosecution. (Docket 44.) Rodríguez and Meléndez-Rivera argue that the entry of default should be

set aside and plaintiff's claims should be dismissed because plaintiff has not made a filing in the

present case since November 20, 2008 and has not complied with the court's order to file a certified

English translation of the complaint. (Docket 44 at 5.) Plaintiff has filed no opposition to the motion

to set aside default and dismiss for lack of prosecution. Therefore, the court deems the motion to be

unopposed.

Fed. R. Civ. P. 55(c) provides that an entry of default may be set aside for "good cause."

When determining the existence of good cause, the court may consider the following factors: (1) the

willfulness of the default; (2) any prejudice to the plaintiff; and (3) the existence of a meritorious

defense. Venegas-Hernández v. Sonolux Records, 370 F.3d 183, 187 (1st Cir. 2004); United States

v. $23,000 in U.S. Currency, 356 F.3d 157, 164 (1st Cir. 2004). The standard for setting aside a

default is more liberal than the standard for setting aside a default judgment, and a court should

Ortíz-Bonilla v. Meléndez-Rivera, et al.
Civil No.08-1934 (FAB/MEL)
Order

generally resolve any doubts in favor of setting aside an entry of default. Leshore v. County of Worcester, 945 F.2d 471, 472 (1st Cir. 1991).

Fed. R. Civ. P. 41(b) provides that an action may be dismissed on a defendant's motion "[i]f the plaintiff fails to prosecute or to comply with . . . a court order." Furthermore, "[a] district court, as part of its inherent power to manage its own docket, may dismiss a case *sua sponte* for any of the reasons prescribed in Fed. R. Civ. P. 41(b)." Cintrón-Lorenzo v. Departamento de Asuntos del Consumidor, 312 F.3d 522, 525-26 (1st Cir. 2002) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 629-31 (1962)). The power to dismiss a case for failure to prosecute "is a necessary component of the authority and responsibility of the district courts to establish orderly processes and manage their calendars." Pomales v. Celulares Telefónica, Inc., 342 F.3d 44, 48 (1st Cir. 2003) (citing Young v. Gordon, 330 F.3d 76, 81 (1st Cir. 2003).

In the present case, plaintiff has not made any filing in nearly ten months. (See Docket 28.) Furthermore, plaintiff has filed no response to the court's order to file a certified English translation of the complaint. (See Docket 43 at 12.) Plaintiff's noncompliance with the court's orders and inactivity in the present case is especially egregious considering that federal law, as well as this district's local rules, mandate that all pleadings be submitted in the English language. See 48 U.S.C. § 864; Local Rule 10(b).

Said noncompliance constitutes both a meritorious defense for remaining defendants and a lack of prejudice to plaintiff. Plaintiff's failure to file a certified English translation has left the court with no pleadings on which to proceed in the present case. See id. Furthermore, it is unlikely that dismissal of plaintiff's claims will cause him prejudice, as he has demonstrated no interest in

3

Ortíz-Bonilla v. Meléndez-Rivera, et al.
Civil No.08-1934 (FAB/MEL)
Order

maintaining said claims since November 20, 2008. Given that plaintiff has shown a prolonged lack

of interest in this case and failed to comply with this court's orders, the motion to set aside the entry

of default and dismiss the complaint for lack of prosecution (Docket 44) is GRANTED.  The default

against Meléndez-Rivera and Rodríguez in their personal capacities shall be set aside and the present

action shall be DISMISSED WITH PREJUDICE. See Figueroa-Ruiz v. Alegria, 896 F.2d 645, 649

(1st Cir. 1990) (dismissing claims for inaction and disobedience of court orders).  Judgment is to be

entered accordingly.

        IT IS SO ORDERED.

        In San Juan, Puerto Rico, this 4th day of September, 2009.

                                        s/Marcos E. López
                                        U.S. MAGISTRATE JUDGE

4